```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```
HENRY BENITEZ,

                Plaintiff,

                                                    Civ. No. 9:04-CV-0423

           v.                                    (NAM)(RFT)

J. LOCASTRO, *et al.*,

                Defendants.

APPEARANCES:                                      OF COUNSEL:

HENRY BENITEZ
Plaintiff, *pro se*
97-A-2553
Upstate Correctional Facility
P.O. Box 2001
309 Bare Hill Rd.
Malone, New York 12953

HON. ELIOT SPITZER                          PATRICK F. MacRAE, ESQ,
Attorney General of the State of New York     Assistant Attorney General
Counsel for the Defendants
615 Erie Boulevard West, Suite 102
Syracuse, New York 133204

RANDOLPH F. TREECE, MAGISTRATE JUDGE

## ORDER

*Pro se* Plaintiff Henry Benitez filed his Complaint, pursuant to 42 U.S.C. § 1983, on April 14, 2004. Dkt. No. 1. By Order, filed May 26, 2004, the Honorable Norman A. Mordue, United States District Judge, directed Plaintiff to file an amended complaint which complied with the pleading requirements of the Federal Rules of Civil Procedure if he wished to avoid dismissal of this action. Dkt. No. 4.[1] Plaintiff complied and filed an Amended Complaint that was subsequently accepted for filing; Plaintiff was then directed to submit copies of his Amended Complaint for service on the forty-one named Defendants. Dkt. Nos. 5, Am. Compl.,

---

[1] Plaintiff's *In Forma Pauperis* Application was granted by District Judge Mordue. Dkt. No. 4.

7, Order, & 8, Notice to Plaintiff.[2] Upon Plaintiff's compliance with such directive, Summonses were issued and forwarded to the United States Marshal for service. *See* Dkt. Rep., entry dated Nov. 15, 2004.

As of this date, some of the named Defendants have not yet been served with process and Plaintiff has requested the assistance of this Court in effectuating service of the Summonses and Amended Complaint on those individuals. Dkt. No. 51, Mot. for Serv. of Process. Plaintiff has also requested the Court's assistance in identifying the "John Doe" Defendants. *Id*. Counsel for the Defendants has not responded to Plaintiff's requests.

In this case, where Plaintiff has been authorized by the Court to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the United States Marshals Service was appointed to effect service of process of the Summonses and Amended Complaint on his behalf. *See* FED. R. CIV. P. 4(c)(2) (Marshals Service must be appointed to serve process when plaintiff is authorized to proceed *in forma pauperis*)); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process and perform all duties in [*in forma pauperis*] cases."). Accordingly, once a plaintiff has identified the defendants, the Marshals Service must undertake to locate them and accomplish the service. The Service is obligated to effect service of process in accordance with the Federal Rules of Civil Procedure and, if necessary, the Service must make multiple attempts at service. *See Armstrong v. Sears*, 33 F.3d 182, 188 (2d Cir. 1994) (where defendant refused to acknowledge Service's request for waiver under Rule 4(d), Marshals Service must effect personal service under Rule 4(e)); *Hurlburt v. Zaunbrecher*, 169 F.R.D. 258, 259 (N.D.N.Y. 1996); *see also* N.D.N.Y.L.R. 5.1(h) (Marshals Service obligated to make personal service at

---

[2] The Amended Complaint also names seven "John Doe" Defendants.

plaintiff's request if no acknowledgment is filed with the Clerk of the Court).[3]

Plaintiff identifies the following five individuals as unserved: Sgt. Colon; J. Burns; CO Miller; R. Smith, and D. Myers. Dkt. No. 51. According to the docket, however, R. Smith was served and has appeared through counsel. Dkt. Nos. 41, Ack. of Serv., 49, Am. Notice of Appearance.

Based upon the foregoing, there are four individuals as to whom the Summonses were returned unexecuted, that is Sgt. Colon, J. Burns, CO Miller, and D. Myers. *See* Dkt. Nos. 13 and 46. As to Defendants Colon and Miller, because there is no indication in the record that these individuals have retired or are no longer employed at Auburn Correctional Facility, a further attempt to serve those individuals at that location is in order. With regard to Defendant Burns, although Plaintiff identifies "J. Burns" as the former deputy superintendent of security at Auburn, the return of service does not state that he is now retired, and, with regard to Defendant Meyers, the return of service only indicates that he is no longer employed at Auburn. In order to avoid unnecessary delay, the Clerk of the Court shall send a copy of this Order to the Office of General Counsel for the New York State Department of Correctional Services. Counsel's Office is requested to advise the Clerk of the current employment status of J. Burns and D. Myers, and, if these individuals are retired, of any agreements to appoint DOCS counsel as an agent for service of process in this action.

Accordingly, the Clerk of the Court is directed to reissue Summonses for Defendants

---

[3] The Marshals Service's obligation to accomplish service of process on behalf of a plaintiff proceeding *in forma pauperis* has been construed to include, for example, efforts to locate a defendant who can no longer be served at the address provided by the plaintiff. *See Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995); *Walker v. Navarro County Jail*, 1997 WL 42523, at *2 (N.D.Tex. Jan. 24, 1997); *Jermosen v. Smith*, 1989 WL 153810, at *1 (W.D.N.Y. Dec. 7, 1989).

Colon and Miller and forward them to the U.S. Marshal for **personal** service on these. Plaintiff shall provide the Clerk of the Court with all documents necessary for service. Upon receipt of employment status from DOCS General Counsel, the Court will provide further service instructions with regard to Defendants Burns and Meyers.

Turning to Plaintiff's request for assistance in identifying the individuals referred to in the complaint as John Doe 1 through 7, it does not appear to the Court that judicial intervention is warranted at this time. Plaintiff's inability to effect service of process on these Defendants is not due to his difficulty in locating them but rather to Plaintiff's present inability to properly identify them. However, it does not appear that Plaintiff has undertaken to learn the identities of these seven individuals through interrogatories, requests for documents, or other discovery pursuant to the Federal Rules of Civil Procedure. Accordingly, insofar as Plaintiff seeks an order of this Court directing Defendants' counsel to disclose this information, Plaintiff's Motion is **denied**, without prejudice.[4]

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Motion (Dkt. No. 51) is **granted in part and denied in part**. With respect to Defendants Sgt. Colon and CO Miller, the Clerk of the Court is directed to reissue Summonses and forward them to the U.S. Marshal for **personal** service on these unserved Defendants. Plaintiff shall provide the Clerk of the Court with all documents necessary for service; and it is further

ORDERED, that the Clerk of the Court serve a copy of this Order on General Counsel's

---

[4] Denial of Plaintiff's Motion does not, of course, relieve Defendants' counsel of his obligation to timely comply with a discovery request from Plaintiff seeking this information.

Office, New York State Department of Correctional Services, Harriman State Campus Building #2,1220 Washington Avenue, Albany, NY 12226-2050.  Counsel's Office is requested to advise this Court of the current employment status of J. Burns and D. Myers, and, if these individuals are retired, of any agreements to appoint DOCS counsel as an agent for service of process in this action; and it is further

ORDERED, that Plaintiff's request for an order directing Defendants' counsel to ascertain and disclose the identity of the individuals referred to in the Complaint as John Doe 1 through 7 is **denied without prejudice**; and it is further

ORDERED, that the Clerk of the Court serve this Order on the parties and serve a copy of this Order to the U.S. Marshals Service.

IT IS SO ORDERED.

Date:   May 20, 2005
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge